Maud G. KROM
*v.*
DEPARTMENT OF REVENUE
(TC 3808)

David B. Krom, Lincoln City, represented plaintiff (taxpayer).

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision rendered November 6, 1995.

**CARL N. BYERS, Judge.**

Taxpayer appeals the 1993-94 assessed value of her personal residence. The assessed value of the improvements only is $253,840, and taxpayer contends the real market

value does not exceed $200,000. The primary areas of dispute are the classification of the home and taxpayer's entitlement to an exemption for the property's solar heating system. Taxpayer's complaint also seeks retroactive relief for tax years 1991-92 and 1992-93. The Department of Revenue (department) moved to dismiss these earlier years after it filed an answer. After conferring with counsel, the court agreed to hold tax years 1991-92 and 1992-93 in abeyance, allowing the parties an opportunity to agree to either remand those years to the department or stipulate to the facts and file motions for summary judgment.

The subject property is a two-bedroom, two-bath home located in the Road's End neighborhood of Lincoln City. Situated on a west-facing hill, it has a panoramic view of the ocean. However, any value attributable to the view of the location is allocated to the land. Because taxpayer has not appealed the value of the land, the view is irrelevant.

Taxpayer testified that she and her son designed the home, which was built in 1981. Taxpayer has work experience in interior design, residential construction and real estate transactions. The design of the subject property includes a passive solar heating system. The system uses a greenhouse on one side of the house to capture heat. Warm air is then channeled through plenums (spaces between the roof and ceiling) in an envelope fashion around the house. The heat is then stored in an earth mass underneath the house.

The subject property is a multilevel house with an attractive design. It has two bedrooms, two baths, a great room, kitchen, workroom with laundry facilities and garage. The appearance of the house suggests that it is architecturally designed. The home has no central heating system. Instead, a wood stove supplements the solar heating system. Taxpayer testified that the solar heating system works wonderfully but other testimony indicates the market views the absence of a central heating system as a deficiency.

In prior years, the assessor had admittedly misclassified the improvements as a Class 7 home. In 1993, the assessor changed the class to a Class 6. Taxpayer contends that her home is a Class 5 home, not a Class 6 home.

Taxpayer testified as to specific differences between her home and a Class 6 home. The subject has aluminum windows whereas a Class 6 home tends to have wood-clad windows. The subject has softwood, rather than hardwood, finish and trim. The subject has inexpensive cabinets with no backs and no hardwood veneer. The kitchen and baths have inexpensive plumbing, and there are inexpensive lighting fixtures throughout the house. These and other differences would indicate the subject is less than a Class 6 home.

Taxpayer also testified as to comparable sales in the Road's End neighborhood. She maintains that no house in the neighborhood sold for more than $259,000 in the year prior to July 1, 1993. She considered six comparable sales from which she subtracted out the land values. After adjustments, the six sales gave an indicated range of value for the subject of $143,500 to $182,500. All of the comparable sales were Class 5 or 5+ homes. Taxpayer testified that all of the comparables were newer and in better physical condition than the subject property. The subject had dry rot in the deck, faded and outdated carpeting, weathered exterior, and leaking thermal pane windows.

Finally, taxpayer testified about the solar heating system, its method of construction, cost and benefits. She stated that according to her interpretation of the assessor's records, the assessor had valued the system at $24,067. Taxpayer seeks an exemption of $25,000.

Mark Estes, Appraiser, testified on behalf of the department. He used five comparable sales, three of which taxpayer used in her analysis. After adjustments, the comparables gave an indicated range of value for the subject of $278,500 to $376,100. Estes concluded that the value of the subject was $310,000. However, Estes' opinion of value included the value of the land, which is not under appeal. Accordingly, his sales comparison approach needs to be adjusted by deducting the value of the land, which he estimates at $85,000. This results in an indicated value for the subject of $225,000 using the sales comparison approach to value.

Estes also performed a cost approach analysis. His estimated cost for the improvements without depreciation

was $225,273. After subtracting out the depreciation, he reached an indicated value of $205,000 (rounded). To this he added $5,000 for the value of the solar heating system.

■     Estes' estimate by the sales comparison approach is $225,000, and his estimate by the cost approach prior to depreciation was $225,273. Such similarity suggests his sales comparison approach did not adequately account for differences in quality and condition of the properties. A house with leaking, thermal pane, aluminum windows; out-dated and worn carpeting; no central heating; and inexpensive cabinets, plumbing and lighting fixtures, is not equal to a newly constructed home with hardwood finish, central heating, vinyl windows and new carpeting. On the other hand, taxpayer's adjustments to her comparable sales appeared to overemphasize some differences. Likewise, tax-payer's estimates of depreciation seem excessive.

Based on the evidence, the court finds that the real market value of the subject improvements only as of July 1, 1993, was $200,000.

■■     ORS 307.175(1) provides:

"Property equipped with solar, geothermal, wind, water or methane gas energy systems for the purpose of heating, cooling or generating electrical energy shall be exempt from ad valorem taxation in an amount that equals any positive amount obtained by subtracting the real market value of the property as if it were not equipped with such systems, from the real market value of the property so equipped."

In this case, neither party produced "with" and "without" value evidence as such. Taxpayer claims the solar heating system has a cost of approximately $24,000, and she argues that she is entitled to an exemption of approximately $25,000. The appraiser estimated the cost at $5,000 and added it to the depreciated cost of the improvements. However, the statutory measure is not the cost of the solar system but the amount of value it adds to the property. A solar system might cost $25,000 and add only $5,000 of value while another system might cost $5,000 and add $25,000 in value. There is no evidence in the record that the subject's solar system adds either $5,000 or $25,000 to the property's real market value. Accordingly, no value may be deducted from the real market value for the exemption.

Based on all the evidence, the court is persuaded that the real market value of the subject property as of July 1, 1993, is $200,000. Judgment shall be entered in accordance with this opinion. Costs to neither party.