Argued and submitted October 26, affirmed December 8, 1999, petition for review denied May 9, 2000 (330 Or 331)

# LINCOLN CITY CHAMBER OF COMMERCE
## and Oregonians in Action Legal Center,
### *Petitioners,*

*v.*

# CITY OF LINCOLN CITY,
### *Respondent.*

## (LUBA No. 98-153; CA A107266)

991 P2d 1080

David J. Hunnicutt argued the cause and filed the brief for petitioners.

Christopher P. Thomas, City Attorney, argued the cause and filed the brief for respondent.

Kistler, Presiding Judge, and Deits, Chief Judge, and Armstrong,* Judge.

DEITS, C. J.

---

* Armstrong, J., *vice* Warren, S. J.

## DEITS, C. J.

Petitioners seek review of LUBA's decision affirming the City of Lincoln City's enactment of amendments to its zoning ordinance (LCZO) that petitioners contend are facially unconstitutional. We affirm.

The challenged amendments to LCZO 4.300 and LCZO 4.310 were adopted in 1998. As amended, LCZO 4.300 provides, in material part:

"(1)  No building permit shall be issued for the addition, alteration, or repair, within any twelve month period exceeding fifty (50) percent of the assessed value or market value, whichever is greater, of an existing building or structure, or for a new building or structure in connection with any permitted or conditional use within any zone as described in this ordinance, and no site plan approval shall be granted for development for which site plan review is required under Section 4.310, unless and until:

"(a)  The applicant submits, as part of a building permit application, a site plan drawn to scale showing the nature, size, and location of [proposed buildings, improvements, access, utilities, easements, and drainage facilities, and existing utilities, easements, drainage facilities, and existing lot lines]; and

"(b)  The applicant agrees:

"(i)   To install curbs and gutters along adjacent streets not having curbs and gutters, and also to pave the roadways from the curbs to 12 feet beyond [the] centerline of unpaved or partially unpaved streets contiguous to the property to be developed * * *; and, if existing rights-of-way for streets contiguous to the property are not adequate in width * * * to dedicate right-of-way to the City sufficient to allow streets that are adequate in width;

"(ii)  To dedicate to the City utility easements five (5) feet in width along rear lot lines, or along front lot lines as required by the City;

"(iii)     To dedicate easements for drainage purposes, and provide storm water detention, treatment, and drainage features and facilities * * *;

"(iv)     To install sidewalks five (5) feet in width along boundaries contiguous with streets, within existing right-of-way if adequate in width; and, if existing easements are not adequate in width, to deed easements to the City sufficient to allow sidewalks five (5) feet in width;

"* * * * *

"(2)     If the applicant intends to assert that it cannot legally be required, as a condition of building permit or site plan approval, to provide easements or improvements at the level otherwise required by this section, the building permit or site plan review application shall include a 'rough proportionality' report, prepared by a qualified civil or traffic engineer, as appropriate, showing:

"(a)     The estimated extent, on a quantitative basis, to which the improvements will be used by persons served by the building or development, whether the use is for safety or convenience;

"(b)     The estimated level, on a quantitative basis, of improvements needed to meet the estimated extent of use by persons served by the building or development;

"(c)     The estimated impact, on a quantitative basis, of the building or development on the public infrastructure system of which the improvements will be a part; and

"(d)     The estimated level, on a quantitative basis, of improvements needed to mitigate the estimated impact on the public infrastructure system."

Under the 1998 amendments, LCZO 4.310(5)(g) contains essentially the same requirements as LCZO 4.300(2), but it applies only to site plan review proceedings. Unlike the other proceedings to which LCZO 4.300 applies, those proceedings are also subject to LCZO 4.310(8)(d)(ii), which provides that proposed developments that do not comply with the ordinance requirements may either be disapproved or approved "subject to such conditions as are necessary" to achieve compliance with the ordinance.

■       LCZO 4.300(1) was not materially changed by the 1998 amendments. Their principal purpose was to enact LCZO 4.300(2) and LCZO 4.310(5)(g) in their present form. The city's findings explained that, standing alone, the dedication and "exactions" requirements of LCZO 4.300(1),

> "as applied to particular buildings or developments, may exceed what the city legally can require, due to constitutional 'takings' limitations."

The city's apparent concern was that the LCZO 4.300(1) provisions could in some instances run afoul of the holding in *Dolan v. City of Tigard*, 512 US 374, 391, 114 S Ct 2309, 129 L Ed 2d 304 (1994), that, to satisfy the Takings Clause of the Fifth Amendment, dedication and similar developmental conditions must be at least "roughly proportional" in "nature and extent to the impact of the proposed development," and that the governmental body imposing the condition must make an "individualized determination" and justification for its imposition.

        Petitioners argue, however, that LCZO 4.300(2) and LCZO 4.310(5)(g) are facially inconsistent with *Dolan* and, therefore, are facially unconstitutional. Petitioners assert that *Dolan* places the "burden of proof" on governmental bodies to demonstrate rough proportionality. Consequently, according to petitioners, the new ordinance requirement that applicants submit rough proportionality studies has the effect of reallocating the burden of proof to the applicants instead of the governmental bodies, in contravention of *Dolan*. Petitioners maintain that the impermissible reallocation extends to both the initial "burden of production" and to the "burden of persuasion."

■■       In considering a facial challenge to the constitutionality of legislation, the question before us is whether the legislation is capable of *any* constitutionally permissible applications. *See Benson v. City of Portland*, 119 Or App 406, 850 P2d 416, *rev den* 318 Or 24 (1993). If it is, then it is susceptible to constitutional challenge only on an "as applied" basis and cannot be declared invalid on its face. *See Cope v. City of Cannon Beach*, 317 Or 339, 855 P2d 1083 (1993).

Petitioners' argument depends on the assumption that the United States Supreme Court's opinion in *Dolan* was concerned with the "burden of proof" in the conventional evidentiary and adversarial sense. As LUBA noted, however:

"Neither *Dolan* nor Oregon cases applying *Dolan* use the term 'burden of proof.' *Dolan* speaks of the burden 'to justify the required dedication.' 512 US at 391 n 8. *J.C. Reeves Corp.* [*v. Clackamas County*, 131 Or App 615, 887 P2d 360 (1994),] equates that burden to the 'burden of articulation' imposed by Oregon's requirement that land use decisions be supported by findings. 131 Or App at 620. *Art Piculell Group* [*v. Clackamas County*, 142 Or App 327, 922 P2d 1227 (1996),] characterizes the local government's task as the burden 'to articulate and substantiate the requisite facts and legal conclusions[.] 142 Or App at 331."

Indeed, the only place in the *Dolan* majority opinion where the Court came anywhere close to using the term "burden of proof" or its analogs was in a footnote responding to one of the dissenting opinions. 512 US at 391 n 8. More fundamentally, the fact that *Dolan* was not concerned with the types of "burdens" that are allocated among the parties in the adversary process is illustrated by the fact that what the Court was reviewing, to determine whether the city had satisfied its burden of justification, were the findings that the city had made in its adjudicative capacity. The Court went so far as to indicate that the *reason* why the city bore whatever burden it did was because it had made an "adjudicative decision to condition" a permit, as distinct from applying a generally applicable *regulatory* zoning provision. *Id.* at 391 n 8.

■    We conclude that *Dolan* and its progeny are not concerned with the allocation of the "burden of proof" in the sense that petitioners understand. Given that conclusion, the "rough proportionality report" provisions in LCZO 4.300(2) and LCZO 4.310(5)(g) are simply application requirements, at least on their face. They do not necessarily eliminate or diminish the ultimate responsibility of the city to demonstrate in its findings that any "exaction"-type conditions it imposes are roughly proportional to the impacts of the approved developments.

We are mindful that the requirement of a study prepared by a "qualified engineer" can be costly. However, whether that cost adds to the exactions that the city imposes to an extent that renders them impermissible is also a question that can only be answered in an after-the-fact "as applied" challenge. Neither the cost of the report itself, the total costs of the exactions, nor the relationship of those costs to the effects of particular developments is ascertainable from the ordinance's face.

As part of their contention that the challenged provisions shift the burden of persuasion to the applicant, petitioners describe the following set of alternative situations in which the provisions necessarily place the applicant:

> "First, the applicant can 'agree' to the boilerplate exactions under § 4.300(1)[(a)], in which case no rough proportionality report is required. Second, the applicant can challenge the boilerplate exactions by submitting a rough proportionality report, at which point the City can presumably accept or reject the report and make findings to satisfy *Dolan*. Finally, the applicant can refuse to accept the boilerplate exactions and refuse to submit a rough proportionality report, at which point the City will deny the application." (Footnote omitted.)

However, we held in *Schultz v. City of Grants Pass*, 131 Or App 220, 227, 884 P2d 569 (1994), and reiterated in *J. C. Reeves Corp.*, 131 Or App at 622-23, that "exactions" that are purportedly required by general across-the-board legislative provisions like 4.300(1), when they are applied in particular cases, are as much subject to the governmental demonstration requirement of *Dolan* as are conditions that are formulated in case-specific settings. Moreover, as petitioners themselves acknowledge in the quoted passage, the ordinance does permit—at least optionally—that the city "make findings to satisfy *Dolan*." We are unable to assume that the city will apply its ordinance in a manner that contravenes the *Dolan* requirements. We hold that the challenged ordinance provisions are not facially unconstitutional for any reason that petitioners advance.[1]

---

[1] Insofar as the unspoken point of petitioners' argument is that the ordinance requires applicants to waive a constitutional right in order to obtain city

■        Petitioners also argue that the ordinance provisions are facially inconsistent with Oregon Laws 1999, chapter 838, section 4, which provides:

> "A local government shall approve an application for a permit, authorization or other approval necessary for the subdivision or partitioning of, or construction on, any land that is consistent with the comprehensive plan and applicable land use regulations or shall impose reasonable conditions on the application to make the proposed activity consistent with the plan and applicable regulations. A local government may deny an application that is inconsistent with the comprehensive plan and applicable land use regulations and that cannot be made consistent through the imposition of reasonable conditions of approval."

For reasons that essentially parallel those that led us to the same conclusion in connection with petitioners' constitutional argument, we conclude that the statutory argument cannot be sustained as a facial matter.

Affirmed.

---

consideration of their applications, that would be a due process issue rather than the *Dolan* issue that petitioners present, and it too would probably be redressable only in an as-applied setting.

Given the grounds for our holding, it is unnecessary for us to reach the city's alternative separate argument for defending the facial constitutionality of LCZO 4.310(5)(g).